UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ERAMOSI OYATHELEMI )<br>                     *Plaintiff,* )<br>James Clarke (USDC MD #21641) )<br>Leverage Law Firm )<br>P.O. Box 3170 )<br>Crofton, MD 21114 )<br>(202) 770-7720 )<br>leveragelawfirm@gmail.com )<br>*Counsel for Plaintiff* )<br>      )<br>    v.     )<br>      )<br>LJ ROSS ASSOCIATES, INC. )<br>                    *Defendant.* )<br>R.J. Cronkhite (USDC MD #21637) )<br>Dinsmore & Shohl LLP )<br>900 Wilshire Dr., Suite 300 )<br>Troy, MI 48084 )<br>(734) 558-5809 )<br>rj.cronkhite@dinsmore.com )<br>*Attorneys for Defendant L J Ross* )<br>_____) | Case No. 1:20-cv-03424-DKC<br>Hon. Deborah K. Chasanow<br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br>Removed from the District Court of<br>Maryland for Anne Arundel County<br>of Glen Burnie, Maryland<br>Case No. D-07-CV-20-016055 |

## **AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. NATURE OF THE CASE………………………………………………………………...1

II. PARTIES………………………………………………………………………………..5

III. JURISDICTION………………………………………………………………………..6

IV. VENUE…………………………………………………………………………………7

V. CLAIMS ………………………………………………………………………………8

VI. PRAYER FOR RELIEF……………………………………………………………10

VII. DEMAND FOR JURY TRIAL ……………..……………………………………..11

1. Plaintiff, Eramosi Oyathelemi, by and through her attorney, Leverage Law Firm, LLC; in the above stated action, files her amended Complaint ("Complaint") against LJ Ross Associates, Inc. ("LJRA") under federal debt collection practices laws and allege as follows:

## I. NATURE OF THE CASE

2. Plaintiff, Eramosi Oyathelemi ("Oyathelemi"), was a previous resident at 8111 River Park Rd, Bowie, Maryand ("River Park"). Oyathelemi moved out of River Park in 2015 and begin to rent to tenants whom she found through Craigslist. Before leaving River Park, Baltimore Gas & Electric ("BGE") sent Oyathelemi a final billed that was dated November 13, 2015, which explicitly stated "THIS IS YOUR FINAL BILL", with a balance of $84.33 which Oyathelemi did pay before getting another account at her new residence. Oyathelemi then moved to 1482 Carlyle Ct, Crofton, MD ("Carlyle") until May of 2018, where she regularly paid her BGE bill, the account number (6887649150) "150". Oyathelemi stayed at Carlyle for two years. During that time, she stopped renting River Park because it had become a burden and she had decided to sell. While in the process of moving out of Carlyle to a different residence in Gambrills, Maryland; BGE sent Oyathelemi a regular Carlyle utility bill which included "other charges" in the amount of $2,339.03. The bill noted in the fine print that it came from account (9852646730) "730", which was tied to Oyathelemi's previous address of River Park. Oyathelemi informed BGE that she refused to pay for a debt she was uncertain of. Instead of explaining the charges; BGE forwarded the "debt" to a debt collector, the National Recovery Agency. Oyathelemi challenged the fused debt (150 and 730 ) which she knew

1

to be inaccurate and the National Recovery Agency ceased all collection attempts. At that point, Oyathelemi believed the issue had been resolved.

3. However, sometime in 2019 BGE retained LJRA to collect the fused debt. LJRA claims to have sent a communication to Oyathelemi regarding the debt. Oyathelemi did not ever receive that communication. Oyathelemi did receive LJRA's collection letter dated August 10, 2020 and immediately challenged it. Oyathelemi has a credit history of over 15 years and has had dozens of accounts which she responsibly paid. This debt was the single outstanding item negatively impacting her credit history/score. Oyathelemi requested a detailed accounting of the debt from LJRA which they refused to provide.

4. Oyathelemi ultimately filed this suit because LJRA kept reporting this debt to the credit bureaus while ignoring her pleas to provide clarification or a detailed accounting. LJRA ignored multiple requests from Oyathelemi to provide clarification as to the entirety of the details of the debt. She reasonably did not understand where the charges had come from and why it was being reported to her credit. LJRA was not able to adequately explain the charges, however they continued to certify the debt despite Oyathelemi bringing to their attention many false assertions made during several phone calls with LJRA in which she sought a resolution to the matter. LJRA never updated or attempted to update the information they inaccurately reported to the credit bureaus. LJRA attempted to shirk responsibility for their erroneous claims, stating "we're just a third-party collection agency for BGE" and only reported what was "supplied directly" to them.

5. Oyathelemi requested "a detailed accounting" of this debt and received no response to that request prior to filing suit. Oyathelemi requested a ledger of said debt and LJRA refused to provide it. LJRA only provided the requested information after the lawsuit was

filed during the course of Discovery. The bills that were ultimately provided showed discrepancies. Also, there was no clarification provided as to how the '730 account was opened and why the two accounts were fused together. Oyathelemi felt belittled by LJRA's representatives in phone conversation, who refused to provide a detailed accounting or take accountability for incorrect statements that they made claiming that Oyathelemi had not paid a bill on account '150 since February of 2016. LJRA also falsely claimed that if Oyathelemi provided evidence that she had made payments since February of 2016, they would stop certifying the debt, yet they continued to do so after she provided the information.

6. On or about October 26, 2020, having exhausted all options to receive a clarified response, and unable to convince LJRA to stop certifying an inaccurate debt, being mentally and emotionally exhausted, Oyathelemi found that her only suitable recourse was to file a pro se suit in the District Court of Maryland for Anne Arundel County.

7. On or about November 24, 2020 the case was removed by the defendant to the present court, the United States District Court, District of Maryland.

8. In sum, LJRA's continued certification after inaccuracy of the debt was improper and did in fact harm the plaintiff. LJRA's explicitly false assertion that Oyathelemi had not paid a bill violates the Fair Debt Collection Practices Act 15 U.S.C. § 1692 e (10) prohibiting "[t]he use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." LJRA also made a deceptive statement to Oyathelemi that if she proved she'd made a payment LJRA would cease collection attempts. She did so provide proof but LJRA continued to certify the inaccurate debt. Oyathelemi is the sole provider of her child. She relies heavily on good

credit to ensure her obligations can be met. Receiving incorrect and inconsistent information from LJRA, a debt collector, which contradicted the LJRA's own records, harmed her as a consumer whose circumstances made her more susceptible to harassment, oppression and abuse. LJRA did oppress, harass and disparage Oyathelemi, refusing to take her requests and pleas seriously. Therefore, Plaintiff comes now bringing this action before this honorable court to put an end to LJRA's misleading and abusive practices, restore her credit and recover expenses related to this case; in order to make her whole.

## II.     PARTIES

1. Plaintiff, by and through her counsel, brings this action in her capacity as a resident of the State of Maryland, pursuant to the Fair Debt Collection Practices Act 15 U.S.C. § 1692.

2. LJRA is a domestic profit corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Jackson, Michigan.

## III. JURISDICTION

3. The Court has jurisdiction over this action under subsections d and e (10) of the Fair Debt Collection Practices Act 15 U.S.C. § 1692.

4. This Court may exercise personal jurisdiction over LJRA because LJRA conducts business in Anne Arundel County Maryland (where this action was commenced), as well as in this district. LJRA has established sufficient contacts in the State of Maryland such that personal jurisdiction is appropriate.

## IV.   VENUE

5. Venue is proper in the District of Maryland under subsections d and e (10) of the Fair Debt Collection Practices Act 15 U.S.C. § 1692. A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the District of Maryland. Defendants conduct business on behalf of client BGE within the District of Maryland.

## V. CLAIMS

**A. COUNT I - False or Misleading Representations in Violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 e (10)**

6. Plaintiff repeats and realleges every proceeding allegation as if fully set forth herein.

7. LJRA willfully used false, deceptive or misleading representations in connection with the collection of a debt, including the false representation or deceptive means to collect a debt concerning the Plaintiff while making explicit statements the Defendant knew or had reason to know were false.

8. LJRA made false statements concerning the Plaintiff, including, among other things:

    a) that the Plaintiff had not paid a bill on the '150 account since February 17 of 2016;

    b) that LJRA would remove the debt from her account if Plaintiff provided proof of payments being made to her account after said date.

9. Furthermore, LJRA had records showing these statements were false and that payments were made after said date.

10. The effect of these statements not only caused the Plaintiff valuable time, during which her credit suffered, it also caused her anguish and lost opportunity as Plaintiff spent months retaining counsel to investigate the matter through Discovery, having been so muddled through LJRA's deceptive statements.

11. For the reasons set forth above, LJRA has violated The Fair Debt Collection Practices Act 15 U.S.C. § 1692 e (10).

B. **COUNT II – Harassing or Abusive Practices in Violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 d**

12. Plaintiff repeats and realleges every proceeding allegation as if fully set forth herein.

13. LJRA willfully engaged in conduct the natural consequence of which was to harass, oppress or abuse the plaintiff in connection with the collection of a debt.

14. LJRA's representatives made statements using language concerning the Plaintiff, the natural consequence of which was to abuse the Plaintiff, including, among other things:

    a) that the Plaintiff had not paid a bill on the '150 account since February 17 of 2016;

    b) suggested that the Plaintiff was a liar when she protested that she had paid the account bills;

    c) disregarded and mocked the Plaintiff's attempts to get an explanation and accounting of the source of the "debt" LJRA continued to certify;

    c) used a demeaning tone that would have the natural consequence of abusing a consumer; relatively more susceptible to harassment, oppression or abuse such as the Plaintiff

    d) For the reasons set forth above, LJRA has violated The Fair Debt Collection Practices Act 15 U.S.C. § 1692 d.

9

## VI.   PRAYER FOR RELIEF

15. Accordingly, the Plaintiff requests that the Court:

   a) Adjudge and decree that LJRA has committed violations of 15 U.S.C. § 1692 e (10);

   b) Adjudge and decree that LJRA has committed violations of 15 U.S.C. § 1692 d;

   c) Order injunctive relief to prevent further harm to Plaintiff's credit as a result of LJRA's unlawful conduct;

   d) Enjoin and restrain, pursuant to federal law, LJRA and their officers, directors, partners, agents and employees, and all persons acting or claiming to act on their behalf or in concert with them, including but not limited to BGE, the National Recovery Agency, or any other debt collectors related to this "debt" from continuing to engage in any harmful conduct and from adopting in the future any harmful conduct having a similar purpose or effect to the unlawful conduct set forth above;

   e) Order LJRA to pay civil penalties of up to $1,000.00 per violation for each and every violation of the Fair Debt Collection Practices Act as authorized by 15 U.S.C. § 1692 d and 15 U.S.C. § 1692 e (10);

   f) Order LJRA to pay the defendant $5,000 for harm caused by its violations of the Fair Debt Collection Practices Act;

   g) Order LJRA to pay all costs of Court, costs of investigation, and reasonable attorney's fees;

   h) Order other equitable relief as may be appropriate;

   i) Direct such other and further relief as the Court deems just and proper.

## VII.   DEMAND FOR JURY TRIAL

16. Pursuant to Federal Rule of Civil Procedure 38 (b), the Plaintiff demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully submitted,

**October 12, 2022**

**/s/ James Clarke, Esq.**
James Clarke, Esq. (Bar No. 21641)
The Leverage Firm
PO Box 3170
Crofton, MD 21114
Telephone: (202) 770-7720
Facsimile: (202) 888-6568

*Counsel for Plaintiff Eramosi Oyathelemi*

## **PROOF OF SERVICE**

I HEREBY CERTIFY that on this 12th day of October, 2022, a copy of the foregoing Amended Complaint was filed and served in accordance with the Court's CMF/ECF guidelines upon:

R.J. Cronkhite
900 Wilshire Dr., Suite 300
Troy, MI 48084
(734) 558-5809
rj.cronkhite@dinsmore.com
*Attorney for Defendant L J Ross*

I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

/s/ James Clarke

James Clarke